IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WELLS FARGO BANK, NA, as Trustee for the Registered Holders of Structured Asset Securities Corporation Mortgage PassThrough Certificate, Series 2007-OSI,<br><br>　　　　Plaintiff,<br>　v.<br><br>DOROTHY ELIZABETH LEWIS and ALL OCCUPANTS OF THE PROPERTY COMMONLY KNOWN AS 5272 20th AVENUE PORTLAND OREGON 97211,<br><br>　　　　Defendants. | Case No.: 3:25-cv-00424-AN<br><br>OPINION AND ORDER |

　　　　Plaintiff Wells Fargo Bank, N.A. filed this action in Multnomah County Circuit Court against self-represented defendant Dorothy Elizabeth Lewis, alleging forcible entry and wrongful detainer claims pursuant to Oregon Revised Statutes §§ 105.110, 105.115, and 105.123. On March 11, 2025, defendant removed this case to this Court for the third time. For the reasons stated below, this case is *sua sponte* REMANDED to Multnomah County Circuit Court.

### LEGAL STANDARD

　　　　"[R]emoval statutes are strictly construed against removal[,]" and the removing party has the burden of establishing that removal is proper. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citations omitted). A court must remand an action if it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

　　　　A federal court's original jurisdiction must be based on either federal question jurisdiction

under 28 U.S.C. § 1331, for "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" or diversity jurisdiction over civil actions under 28 U.S.C. § 1332(a), "where the matter in controversy exceeds the sum or value of $75,000" and the action is between "citizens of different States[.]"

## BACKGROUND

Plaintiff initiated this action in Multnomah County Circuit Court on September 25, 2024, and the action was assigned Case No. 24LT20492. On October 8, 2024, defendant removed this case to federal court for the first time, and the case was assigned Case No. 3:24-cv-01712-AB. On November 12, 2024, the Court remanded the case based on a finding that it lacked subject matter jurisdiction. The Court also awarded plaintiff costs and fees incurred as a result of the improper removal. On January 17, 2025, defendant removed this case for the second time, and the case was assigned Case No. 3:25-cv-00099-AN. On March 10, 2025, this Court remanded the case for a second time, finding that it lacked subject matter jurisdiction and awarding plaintiff costs and fees incurred as a result of the improper removal. On March 11, 2025, defendant removed this case for the third time.

Aside from this action, defendant has also improperly removed another case involving similar subject matter. *See Lewis v. PHH Mortg. Corp.*, No. 3:24-cv-00978-AR, 2024 WL 3822806, at *2-3 (D. Or. July 3, 2024), *report and recommendation adopted*, 2024 WL 3822755 (D. Or. Aug. 14, 2024).

## DISCUSSION

Defendant alleges in the Notice of Removal that federal question jurisdiction, diversity jurisdiction, and supplemental jurisdiction justify removal. Specifically, defendant argues that "[i]t is the Federal court statutes that govern the Removal process"; "the amount in controversy is more than $75,000 and the suit is between citizens of different states"; and "[r]emoval is being brought under 28 [U.S.C.] § 1367 – Supplemental jurisdiction, given the related case in the federal court." Notice of Removal, ECF [1], at 1.

Although defendant does not attach the underlying complaint to this Notice of Removal, she indicates that she is again removing Multnomah County Circuit Court Case No. 24LT20492. *See id.* at

2

1. The Court therefore *sua sponte* takes judicial notice of the underlying complaint in Multnomah County Circuit Court Case No. 24LT20492, which was removed to this Court before in *Wells Fargo, N.A. v. Lewis*, No. 3:25-cv-00099-AN. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (citation omitted) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

As defendant has been instructed on multiple previous occasions, federal jurisdiction must be apparent from the underlying complaint. *See Lewis v. PHH Mortg. Corp.*, 2024 WL 3822806, at *2-3; *Wells Fargo Bank, N.A. v. Lewis*, No. 3:24-cv-01712-AB, 2024 WL 4764363, at *2 (D. Or. Nov. 12, 2024); *Wells Fargo Bank, N.A. v. Lewis*, No. 3:25-cv-00099-AN, 2025 WL 751290, at *1-2 (D. Or. Mar. 10, 2025). The underlying complaint does not establish either federal question jurisdiction or diversity jurisdiction. First, the complaint demonstrates that this case is a state law eviction action, over which a federal court does not have jurisdiction. *See Mgmt. Grp., Inc. v. Jacobson*, No. 3:24-cv-00530-HZ, 2024 WL 2053632, at *2 (D. Or. Apr. 10, 2024). Second, although defendant alleges that plaintiff has a principal place of business in South Dakota in the Notice of Removal, the underlying complaint neither alleges the parties' citizenships nor demonstrates that the amount in controversy exceeds $75,000. Accordingly, defendant has not established that the Court has either federal question or diversity jurisdiction. Because the Court lacks subject matter jurisdiction, it must remand this case.

## CONCLUSION

Accordingly, this case is *sua sponte* REMANDED to Multnomah County Circuit Court. All pending motions are DENIED as moot. The Court also notes that if defendant improperly removes this case for a fourth time, it may consider entering a pre-filing order barring her from further removals of this case absent prior federal court approval.

IT IS SO ORDERED.

DATED this 8th day of April, 2025.

_____
Adrienne Nelson
United States District Judge